IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

MICHAEL CONRAD HENSON                                                                  PLAINTIFF

v.                                       Civil No. 5:25-cv-05082-CDC

CHRISTOPHER RODRIGUEZ, Dentist,
Washington County Detention Center                                                    DEFENDANT

### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

This is a civil rights action filed by Michael C. Henson ("Henson") pursuant to 42 U.S.C. § 1983. He proceeds *pro se* and *in forma pauperis.* Henson contends his constitutional rights were violated when he was injured while Defendant Rodriguez was pulling his tooth.

The case was directly assigned to the undersigned Magistrate Judge. However, because not all parties to the action have consented to the jurisdiction of the undersigned, and Henson's claims require dismissal, the Court enters its findings as a Report and Recommendation and the case will automatically be reassigned to United States District Judge Timothy L. Brooks. 28 U.S.C. § 636(c); Rule 73 of the Federal Rules of Civil Procedure, and General Order 2024-02.

The case is before the Court for preservice screening pursuant to 28 U.S.C. § 1915A.[1] Under § 1915A, the Court is required to screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).

---

[1] Enacted as part of the Prison Litigation Reform Act ("PLRA").

1

## I. BACKGROUND

Henson was being held as a pretrial detainee in the Washington County Detention Center (WCDC). (ECF No. 1 at 2). Henson alleges that on some unspecified date in 2024, Defendant Rodriguez was pulling one of Henson's teeth. *Id.* at 4. While pulling the tooth, Defendant Rodriguez was talking sports with a guard. *Id.* at 5. Unable to remove the tooth using extraction forceps, Henson alleges Defendant Rodriguez began using a dental pick to push on the tooth. *Id.* at 7-8. While pushing "extra hard" on the pick, Henson says Defendant Rodriguez turned his head to look at the guard and the pick "slipped off and traveled up my upper cheek bone and stopped a ½ to ¾ of an inch from my right eye." *Id.* at 4. Defendant Rodriguez had to pause the procedure and "pack a big amount of gauze in my upper jaw two times [until] the bleeding subsided." *Id.* at 5. Had Defendant Rodriguez been "professionally focused" on him and the task at hand, Henson maintains the injury would not have occurred. *Id.* Additionally, Defendant Henson asserts there was no reason for Defendant Rodriguez to be "pushing so hard" or even at all since he was supposed to "pull the tooth." *Id.* at 7.

As a result of the injury, Henson says he suffered pain and swelling; his body went into shock for three or four days; and the area became infected with "cellulit[is] which is one of the worst forms of staph infection." (ECF No. 1 at 5). Henson indicates he suffered for nearly four months. *Id.* at 6. Henson states he had to take additional antibiotics because of the infection. *Id.*

As relief, Henson seeks compensatory damages in the amount of $300,000 for pain and suffering. (ECF No. 1 at 9). He also seeks $200,000 in damages for "malpractice." *Id.*

## II. LEGAL STANDARD

Under § 1915A, the Court is obliged to screen the case prior to service of process being issued. The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted, or (2) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action is malicious when the allegations are known to be false, or it is undertaken for the purpose of harassing or disparaging the named defendants rather than to vindicate a cognizable right. *Spencer v. Rhodes*, 656 F. Supp. 458, 464 (E.D.N.C. 1987); *In re Tyler*, 839 F.2d 1290, 1293-94 (8th Cir. 1988). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded . . . to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (*quoting Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). This means "that if the essence of an allegation is discernable, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Jackson*, 747 F.3d at 544 (cleaned up). However, the complaint must still allege specific facts sufficient to support a claim. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

### III.  ANALYSIS

Section 1983 provides a federal cause of action for the deprivation, under color of law, of a citizen's "rights, privileges, or immunities secured by the Constitution and laws" of the United States.  To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) each defendant acted under color of state law, and (2) that he or she violated a right secured by the constitution. *West v. Atkins*, 487 U.S. 42 (1988); *Dunham v. Wadley*, 195 F.3d 1007, 1009 (8th Cir. 1999).

Medical companies or individuals who contract to provide medical care for incarcerated persons are state actors acting under color of state law for the purposes of § 1983. *Davis v. Buchanan County, Missouri*, 11 F.4th 604, 617 (8th Cir. 2021).  See also *West v. Atkins*, 487 U.S. 42, 57, (1988) (because the provision of medical services to inmates is "state action fairly attributable to the State," medical personnel act "under color of state law for purposes of § 1983."); *Montano v. Hedgepeth*, 120 F.3d 844, 849–50 (8th Cir. 1997) ("physicians working in state prisons, who help to fulfill the state's Eighth Amendment obligation to inmates and who typically are the only health professionals available to care for incarcerated persons, are persons who may fairly be said to be state actors.").  The Court will assume for the purposes of this preservice screening that Defendant Rodriguez was acting under color of state law when treating Henson.

The remaining question is whether Henson has stated a plausible claim that Defendant Rodriguez violated his constitutional rights.  While Henson is a pretrial detainee whose claim is properly analyzed under the Fourteenth Amendment, the courts in the Eighth Circuit analyze denial of medical care claims under the deliberate indifference standard of the Eighth Amendment for both pretrial detainees and convicted inmates.  See e.g., *Smith-Dandridge v. Geanolous*, 97 F.4th 569 (8th Cir. 2024) (pretrial detainee has the same rights to medical care under the Due Process Clause of the Fourteenth Amendment as an inmate has under the Eighth

Amendment). The Eighth Amendment's prohibition on the infliction of cruel and unusual punishment requires that the government "provide humane conditions of confinement" and "ensure that inmates receive adequate food, clothing, shelter, and medical care." *Farmer v. Brennan,* 511 U.S. 825, 832 (1994).

To succeed on a denial of medical care claim, Henson must demonstrate (1) that he had an objectively serious medical need, and (2) that Defendant Rodriguez actually knew of, but deliberately disregarded, that serious medical need. *See Ivey v. Audrain Cty., Mo.*, 968 F.3d 845, 848 (8th Cir. 2020). The Court will assume that a decayed tooth that needs pulling is a serious medical need.

Nevertheless, Henson cannot establish Defendant Rodriquez acted with deliberate indifference while treating him. Henson himself refers to the incident as a "tragic mistake." (ECF No. 1 at 8).

"To demonstrate that a defendant actually knew of, but deliberately disregarded, a serious medical need, the plaintiff must establish a mental state akin to criminal recklessness: disregarding a known risk to the [detainee's] health." *Barton v. Taber*, 908 F.3d 1119, 1124 (8th Cir. 2018) (internal quotations and citations omitted). The Eighth Circuit has stated that this "onerous standard requires a showing more than negligence, more than even gross negligence, but less than purposefully causing or knowingly bringing about a substantial risk of serious harm to the inmate." *Thompson v. King*, 730 F.3d 742, 747 (8th Cir. 2013) (internal quotations and citations omitted). Negligence, gross negligence, or medical malpractice does not meet this onerous standard. *See e.g., Hall v. Higgins,* 77 F.4th 1171, 1179 (8th Cir. 2023); *Dulany v. Carnahan,*

132 F.3d 1234, 1243 (8th Cir. 1997). Here, Henson's claim is rooted in negligence rather than intentional conduct or deliberate indifference. For this reason, no plausible claim is stated.

## IV. CONCLUSION

For the reasons stated above, I recommend that:

(1) the case be dismissed pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted;

(2) Plaintiff be warned that, in the future, this dismissal may be counted as a strike for purposes of 28 U.S.C. § 1915(g) and thus, the **Clerk** is directed to place a § 1915(g) strike flag on the case for future judicial consideration; and

(3) the Court certify pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this dismissal would not be taken in good faith.

**Status of Referral:  The referral will terminate upon the filing of this Report and Recommendation.**

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**RECOMMENDED** this 4th day of June 2025.

*s/* *Christy Comstock*
_____
CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE