IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

**MICHAEL CONRAD HENSON**                                                                 **PLAINTIFF**

**V.**                                        **CASE NO. 5:25-CV-5082**

**CHRISTOPHER RODRIGUEZ, Dentist,**
**Washington County Detention Center**                                              **DEFENDANT**

## ORDER

On June 4, 2025, the Honorable Christy Comstock, United States Magistrate Judge for the Western District of Arkansas, performed an initial screening of Plaintiff Michael Conrad Henson's Complaint pursuant to 28 U.S.C. § 1915A and issued a Report and Recommendation ("R&R") (Doc. 9). Magistrate Judge Comstock recommends that the Complaint be dismissed without prejudice for failure to state a plausible claim for relief. The Complaint describes how Defendant Christopher Rodriguez, a dentist providing care to inmates at the Washington County Detention Center, was "talking sports talk" with an officer while extracting Mr. Henson's tooth. (Doc. 1, p. 8). As Dr. Rodriguez was using a pick to push on the tooth, the pick "slipped off . . . and went up into [Mr. Henson's] gums and traveled up [to his] cheek," causing great injury. (Doc. 1, p. 8).

Assuming Dr. Rodriguez was acting under color of state law during this procedure, Magistrate Judge Comstock concludes that the Complaint fails to state a claim of constitutional dimension, as acts of medical negligence—even gross negligence and medical malpractice—do not meet the onerous standard required to state a claim. *See, e.g.*, *Hall v. Higgins*, 77 F.4th 1171, 1179 (8th Cir. 2023). Mr. Henson disagrees with the R&R and filed timely Objections (Doc. 10) on June 16, 2025.

He explains that he continues to suffer pain and recurring infections and "feel[s] that it would be unconstitutional for [him] to be suffering so long without being compensated." *Id.* at p. 1.

The Court sympathizes with Mr. Henson and sincerely regrets that he continues to suffer as a result of this botched tooth extraction. However, even he characterizes what happened as a "tragic mistake," (Doc. 1, p. 8), and it is clear that gross negligence amounting to medical malpractice does not state a claim under 42 U.S.C. § 1983.

**IT IS THEREFORE ORDERED** that the Objections are **OVERRULED** and the R&R (Doc. 9) is **ADOPTED**. The Complaint is **DISMISSED WITHOUT PREJUDICE** for failure to state a claim. Of particular note, and contrary to the R&R's recommendation, the Court **DOES NOT direct the Clerk to place a 28 U.S.C. § 1915(g) strike flag on the case at this time** but instead directs the Clerk to simply close the case.

**IT IS SO ORDERED** on this 25th day of June, 2025.

                                                */s/ Timothy L. Brooks*
                                                TIMOTHY L. BROOKS
                                                UNITED STATES DISTRICT JUDGE